

DANIEL G. BOGDEN
United States Attorney
LUCAS M. FOLETTA
Assistant United States Attorney
333 Las Vegas Blvd., South, Ste. 5000
Las Vegas, Nevada 89101
(702)388-6336 / Fax: (702)388-6698

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
-oOo-

UNITED STATES OF AMERICA,

    Plaintiff,

vs

CHRISTINA LYNN FAVA,

    Defendant.

2:09-CR-408-RLH-LRL

**PLEA MEMORANDUM**

The United States, by and through Daniel G. Bogden, United States Attorney, and Lucas M. Foletta, Assistant United States Attorney, Christina Lynn Fava ("Defendant"), Franny Forsman, Esq., Federal Public Defender, and Monique Kirtley, Esq., Assistant Federal Public Defender, counsel for the defendant, submit this plea memorandum.

## I.
## PLEA AGREEMENT

The United States and Defendant have reached the following plea agreement, which is not binding on the court:

**A.  The Plea**

Defendant will plead guilty to Count One of the Indictment charging Defendant with Unlawful Possession of a Postal Key, in violation of Title 18, United States Code, Section 1704.

**B.  Additional Charges**

The United States Attorney's Office for the District of Nevada ("United States") will bring no additional charge or charges against Defendant arising out of the investigation in the District

of Nevada which culminated in this Plea Memorandum.

C. <u>Sentencing Guideline Calculations</u>

Defendant understands that the court is required to consider United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors in determining Defendant's sentence. Defendant understands that the Sentencing Guidelines are advisory, and that after considering the Sentencing Guidelines, the court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

The parties agree to the following calculations of the Sentencing Guidelines:

1. Defendant and the United States agree and stipulate to the following applicable sentencing guideline factors:

| | |
|---|---|
| Base Offense Level [U.S.S.G. § 2B1.1(a)(2)]: | 6 |
| Acceptance of Responsibility [U.S.S.G.§ 3E1.1(a)]: | -2 |
| **Total Offense Level** | **4** |

2. The parties agree that no other specific offense characteristics apply.

3. The parties agree that the base offense level reflects the readily provable conduct which is attributable to the Defendant.

4. Pursuant to U.S.S.G. § 3E1.1(a), the United States will recommend that Defendant receive a two-level adjustment for acceptance of responsibility unless Defendant (a) fails to make a complete factual basis for the guilty plea at the time it is entered; (b) is untruthful with the court or probation officers; (c) denies involvement in the offense or provides conflicting statements regarding Defendant's involvement; (d) attempts to withdraw the guilty plea; (e) engages in criminal conduct; (f) fails to appear in court; or (g) violates the conditions of pretrial release.

5. Defendant's Criminal History Category will be determined by the court pursuant to Chapter Four of the Sentencing Guidelines.

6. Defendant agrees that the court may consider any counts dismissed under this

Page 2 of 8

agreement, along with all other relevant conduct whether charged or uncharged, in determining the applicable sentencing guidelines range, the propriety and extent of any departure from that range, and the determination of the sentence to be imposed after consideration of the sentencing guidelines and all other relevant factors.

### D. Other Sentencing Matters

1. The parties jointly stipulate and agree to recommend that Defendant be sentenced to the **LOW END** of the Guideline Range unless Defendant commits any of the acts that could result in a loss of the downward adjustment for acceptance of responsibility. **In exchange for the concessions made by the Government in this agreement, Defendant specifically agrees that she will not request a sentence below the Guideline range.** Defendant further agrees that she will not seek a downward adjustment pursuant to Title 18, United States Code, Section 3553, from any sentence that may be imposed within the Guideline range contemplated by the parties. Additionally, the Defendant will not seek a downward departure pursuant to U.S.S.G. § 5K1.1.

2. The parties agree that the Guideline calculations are based on information now known and could change upon investigation by the United States Probation Office. It is possible that factors unknown or unforeseen by the parties to the plea agreement may be considered in determining the offense level, specific offense characteristics, and other related factors. In that event, Defendant will not withdraw Defendant's plea of guilty.

3. The stipulations in this agreement do not bind either the United States Probation Office or the court. Both Defendant and the United States are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the court, and (b) correct any and all factual misstatements relating to the calculation of the sentence.

### E. Fines and Special Assessment

1. Defendant agrees that the court may impose a fine due and payable immediately upon sentencing.

2.  Defendant will pay the special assessment of $100 per count of conviction at the time of sentencing.

F. **Waiver of Appeal**

In exchange for the concessions made by the United States in this plea agreement, Defendant knowingly and expressly waives the right to appeal any sentence that is imposed within or below the applicable Sentencing Guideline range as determined by the parties, further waives the right to appeal the manner in which that sentence was determined on the grounds set forth in Title 18, United States Code, Section 3742, and further waives the right to appeal any other aspect of the conviction or sentence, including any order of restitution. Defendant also waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to her conviction, sentence and the procedure by which the court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel. Defendant reserves only the right to appeal any portion of the sentence that is an upward departure or higher than the sentencing guideline range determined by the parties as set forth within this Plea Memorandum. The government, however, reserves the right, on appeal, to argue that any sentence imposed by the court is reasonable.

If Defendant, in breach of this agreement, files an appeal or a collateral attack (including a petition for relief pursuant to title 28 U.S.C. § 2255) challenging either the sentence or conviction, the government has the right, in its sole discretion, to move for dismissal of the appeal or withdraw from the plea agreement.

G. **Additional Promises, Agreements, and Conditions**

1.  In exchange for the United States entering into this agreement, Defendant agrees that (a) the facts set forth in Section IV of this Plea Agreement shall be admissible against Defendant under Fed. R. Evidence 801(d)(2)(A) in the following circumstances: (1) for any purpose at sentencing; and (2) in any subsequent proceeding, including a trial in the event Defendant does not plead guilty or withdraws Defendant's guilty plea, to impeach or rebut any evidence, argument or representation offered by or on Defendant's behalf; and (b) Defendant expressly waives any and all rights under Fed.

R. Crim. P. 11(f) and Fed. R. Evid. 410 with regard to the facts set forth in Section IV of the Plea Agreement to the extent set forth above.

2. The parties agree that no promises, agreements, and conditions have been entered into other than those set forth in this plea memorandum, and none will be entered into unless in writing and signed by all parties.

### H. Limitations

This Plea Agreement is limited to the United States Attorney's Office for the District of Nevada and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authority. However, this Plea Memorandum does not prohibit the United States through any agency thereof, the United States Attorney's Office for the District of Nevada, or any third party from initiating or prosecuting any civil proceeding directly or indirectly involving Defendant, including but not limited to, proceedings under the False Claims Act relating to potential civil monetary liability or by the Internal Revenue Service relating to potential tax liability.

## II.

## PENALTY

1. The maximum penalty for violating Title 18, United States Code, Section 1704, is a term of not more than ten years in prison and a fine of $250,000, or both.

2. Defendant is subject to supervised release for a term of not more than three (3) years. Supervised release is a period of time following imprisonment during which Defendant will be subject to various restrictions and requirements. Defendant understands that if Defendant violates one or more of the conditions of any supervised release imposed, Defendant may be returned to prison for all or part of the term of supervised release, which could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

3. Defendant must pay a special assessment of one-hundred dollars ($100.00) for each count of conviction.

4.      Defendant is required to pay for the costs of imprisonment, probation, and supervised release, unless Defendant establishes that Defendant does not have the ability to pay such costs, in which case the court may impose an alternative sanction such as community service

## III.

## ELEMENTS

The essential elements for the crime of Unlawful Possession of a Counterfeit Mail Key, Title 18, United States Code, Section 1704, are the following:

(a)     Defendant knowingly and unlawfully possessed a mail key suited to any lock adopted by the Post Office Department or the Postal Service and in use on any of the mails or bags thereof; and

(b)     Defendant intended to unlawfully or improperly use, sell, or otherwise dispose of the key, or cause the same to be unlawfully or improperly used, sold, or otherwise disposed of.

18 U.S.C. § 1704; *See also United States v. Ewain*, 88 F.3d 689, 696 (9th Cir. 1996).

## IV.

## FACTS THAT SUPPORT GUILTY PLEA

Defendant is pleading guilty because Defendant is guilty of the charged offense. In pleading to this offense, Defendant acknowledges that if Defendant elected to go to trial instead of entering this plea, the United States could prove facts sufficient to establish Defendant's guilt beyond a reasonable doubt. Defendant specifically admits and declares under penalty of perjury that all of the facts set forth below are true and correct:

1.      On July 2, 2009, Defendant was arrested in Las Vegas, Nevada, by Postal Inspector ("PI") Brian Ficucell on sixteen felony warrants issued by the Clark County District Attorney's office. PI Ficucell then transported Defendant to the United States Postal Inspection Service ("USPIS") domicile for processing.

2. Once they arrived, Defendant stated, "I have something to give you. Something that is valuable." Postal inspectors then searched Defendant and recovered a counterfeit arrow key. Arrow keys are master keys to United States Postal Service ("USPS") mailboxes.

3. Defendant was *Mirandized* and she waived her rights. She then told PI Ficucell that she received the key on the morning of July 2, 2009, and that the person who gave it to her told her to sell it and they would split the money. She told inspectors that she knew the key could open neighborhood boxes in Las Vegas.

4. Defendant intended to use and sell the key in accordance with her conversation with the individual that gave it to her.

## V.

## ACKNOWLEDGMENT

1. Defendant acknowledges by Defendant's signature below that Defendant has read this Memorandum of Plea Agreement, that Defendant understands the terms and conditions and the factual basis set forth herein, that Defendant has discussed these matters with Defendant's attorney, and that the matters set forth in this memorandum, including the facts set forth in Part IV above, are true and correct.

2. Defendant acknowledges that Defendant has been advised, and understands, that by entering a plea of guilty Defendant is waiving, that is, giving up, certain rights guaranteed to Defendant by law and by the Constitution of the United States. Specifically, Defendant is giving up:

   a. The right to proceed to trial by jury on the original charges, or to a trial by a judge if Defendant and the United States both agree;

   b. The right to confront the witnesses against Defendant at such a trial, and to cross-examine them;

    c. The right to remain silent at such trial, with such silence not to be used against Defendant in any way;

    d. The right, should Defendant so choose, to testify in Defendant's own behalf at such a trial;

    e. The right to compel witnesses to appear at such a trial, and to testify in Defendant's behalf; and

    f. The right to have the assistance of an attorney at all stages of such proceedings.

  3. Defendant, Defendant's attorney and the attorney for the United States acknowledge that this Plea Memorandum contains the entire agreement negotiated and agreed to by and between the parties, and that no other promise has been made or implied by either Defendant, Defendant's attorney, or the attorney for the United States.

DANIEL G. BOGDEN
United States Attorney

12/16/09
DATED

LUCAS M. FOLETTA
Assistant United States Attorney

12-15-09
DATED

CHRISTINA LYNN FAVA
Defendant

12/15/09
DATED

MONIQUE KIRTLEY, Esq.
Counsel for Defendant